*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TAV.

---

DANIEL ING,

                 Petitioner-Appellee,

v

TAV,

                 Respondent-Appellant.

UNPUBLISHED
October 01, 2025
12:00 PM

No. 370553
Washtenaw Probate Court
LC No. 23-000586-MI

---

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

GARRETT, J. (*dissenting*).

I agree with the majority that the second petition for mental health treatment failed to comply with MCL 330.1473 of the Mental Health Code, MCL 330.1001 *et seq*. I disagree with the majority, however, that the error does not require reversal. Because the second petition failed to comply with the statutory provision and the error affected TAV's liberty interests, I would reverse the order granting the petition.

## I. FACTUAL BACKGROUND

When he was a child, TAV lived in foster care and in several households with different family members. Many of the caretakers with whom he resided were abusive. As TAV grew older, he was repeatedly in and out of jail, and he served a prison sentence. His history since 2003 also includes psychiatric admissions. Doctors have diagnosed him with schizoaffective disorder, bipolar type.

In July 2023, petitioner, a Washtenaw County Community Mental Health (CMH) court-service liaison, petitioned to require TAV to undergo a combination of hospitalization and assisted outpatient treatment. The petition indicated that TAV was experiencing an increase in psychiatric symptoms, including agitations and delusions, and that he claimed that he was unable to speak or understand English despite being able to do so. Following a hearing, the probate court granted the petition and authorized hospitalization for a period not to exceed 60 days and outpatient treatment for a period not to exceed 180 days.

Thereafter, the CMH court-service liaison filed a second petition for mental-health treatment. TAV requested an independent examination, which the probate court granted. Dr. Ennis Berker evaluated TAV and determined that there was no reason why TAV should be forced to medicate. Dr. Berker recognized that TAV was "in a situation where he could be treated in perpetuity without an opportunity to demonstrate stability in the absence of treatment." Dr. Berker concluded that TAV should be permitted an opportunity to prove that he can maintain stability "in the absence of court-ordered treatment." Further, Dr. Berker recommended that TAV be referred for a post-traumatic stress disorder assessment on the basis of his childhood abuse and trauma.

At a hearing on the second petition, TAV testified that the medication that he had been administered against his will[1] made him depressed and caused muscle spasms in his neck. The probate court again determined that TAV required medication to treat his mental illness. The court granted the second petition and authorized hospitalization and assisted outpatient treatment for a period not to exceed 90 days.[2]

## II. DISCUSSION

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *In re Portus*, 325 Mich App 374, 382; 926 NW2d 33 (2018). Chapter 4 of the Mental Health Code contains the specific procedures for obtaining second or continuing orders for involuntary mental-health treatment on the basis of a person's mental illness. MCL 330.1473 provides, in relevant part:

> [A] hospital director or an agency or mental health professional supervising an individual's assisted outpatient treatment shall file a petition for a second or continuing order of involuntary mental health treatment if the hospital director or supervisor believes the individual continues to be a person requiring treatment and that the individual is likely to refuse treatment on a voluntary basis when the order expires. *The petition shall contain a statement setting forth the reasons for the hospital director's or supervisor's or their joint determination that the individual continues to be a person requiring treatment, a statement describing the treatment program provided to the individual, the results of that course of treatment, and a clinical estimate as to the time further treatment will be required.* [Emphasis added.]

---

[1] TAV was administered monthly Invega Sustenna injections.

[2] The short duration of the order in this case and similar cases under the Mental Health Code renders the issues presented capable of repetition, yet evading judicial review. Therefore, although the 90-day period has expired, this Court may properly address the issues. See *Attorney Gen v Pub Serv Comm'n*, 269 Mich App 473, 485; 713 NW2d 290 (2005) ("We will review a moot issue only if it is publicly significant and is likely to recur, yet is likely to evade judicial review.")

"The Michigan Supreme Court has held that civil-commitment statutes must be strictly complied with." *In re Jestila*, 345 Mich App 353, 358; 5 NW3d 362 (2023).

In this case, the second petition failed to comply with the requirements set forth in MCL 330.1473. Most notably, the second petition did not contain a statement of the reasons why TAV continued to require treatment. In an apparent attempt to explain the need for a second order for involuntary mental-health treatment, the second petition stated as follows:

> [TAV] was last petitioned in July of 2023 due to an incarceration secondary to an increase in his mental health symptoms. The treatment team does not believe he would participate in treatment if not on a court order.

The above statements failed to explain why TAV continued to require treatment. The first statement indicated why the CMH court-service liaison sought the initial order for mental-health treatment in July 2023, and the second statement merely expressed the liaison's belief that TAV would not participate in treatment absent a court order. Accordingly, the second petition failed to comply with MCL 330.1473 because it did not indicate why TAV purportedly still required involuntary mental-health treatment.

The second petition also failed to state the results of the course of treatment provided. Assuming that the reference to "[p]sychiatric services, [n]ursing services and [c]ase management services" was sufficiently detailed to satisfy the statutory requirement to describe TAV's treatment program, the second petition failed to include a statement describing the results of TAV's course of treatment. Therefore, the second petition failed to comply with that requirement of MCL 330.1473 as well.

As previously stated, "[t]he Michigan Supreme Court has held that civil-commitment statutes must be strictly complied with." *In re Jestila*, 345 Mich App at 358. In *In re Eddins*, 342 Mich App 529, 538-542; 995 NW2d 604 (2022), this Court determined that the petitioner failed to strictly comply with MCL 330.1473, but that reversal was not required because the error did not deprive the probate court of subject-matter jurisdiction over the case. This Court also determined that the respondent was not entitled to relief because the trial court allowed the petitioner to amend the petition to conform to the proofs presented at the hearing on the petition. *Id*. at 542.

In this case, the second petition was not amended to conform to the proofs presented at the hearing, and, accordingly, the order requiring TAV to undergo involuntary mental health treatment is premised on a statutorily-deficient petition. In addition, although TAV did not challenge the petition's failure to comply with the statute in the trial court, the error was plain and it affected his substantial rights. In *In re Jestila*, 345 Mich App at 359, this Court recognized the need for greater attention to detail in complying with the Mental Health Code's statutory requirements. This Court noted the significant liberty interests at stake in such cases and determined that those liberty interests are implicated not only in the context of an involuntary commitment, but also "when the petition seeks an alternative treatment order mandating adherence to a medication regimen or other outpatient treatment." *Id*. Upholding an order mandating mental health treatment in cases such as the instant case involving a statutorily-deficient petition despite our Supreme Court's directive that civil-commitment statutes be strictly complied with could likely result in the scenario that Dr. Berker anticipated—a person could be forced to medicate in perpetuity without an opportunity to

demonstrate stability in the absence of such treatment. Therefore, to protect TAV's liberty interests, I would reverse the probate court's order granting the second petition without prejudice to the filing of a new petition for mental-health treatment if the circumstances warrant.

/s/ Kristina Robinson Garrett